UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR E. FLORES,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>VANTAGE ASSOCIATES, INC.; VANTAGE CHIEF COMMERCIAL OFFICER; VANTAGE FACILITY GENERAL MANAGER; ESOP COMMITTEE MEMBERS; and ESOP TRUSTEE,<br><br>　　　　　　　　　　　Defendants. | Case No.: 23-CV-2170 TWR (AHG)<br><br>**ORDER (1) GRANTING**<br>**(a) PLAINTIFF'S MOTION TO DISMISS, AND**<br>**(b) DEFENDANTS' MOTION TO DISMISS;**<br>**(2) DENYING AS MOOT**<br>**(a) PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT,**<br>**(b) PLAINTIFF'S AMENDED MOTION FOR SUMMARY JUDGMENT, AND**<br>**(c) DEFENDANTS'** ***EX PARTE*** **APPLICATION; AND**<br>**(3) DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE**<br><br>(ECF Nos. 8, 12, 19, 20, 25) |

Presently before the Court are the Motion to Dismiss ("Defs.' MTD," ECF No. 8) and *Ex Parte* Application for Leave to File a Sur-reply in Opposition to Plaintiff's Motion for Summary Judgment ("*Ex Parte* App.," ECF No. 20) filed by Defendants Vantage Associates, Inc.; Vantage Chief Commercial Officer; Vantage Facility General Manager; ESOP Committee Members; and ESOP Trustee and Plaintiff Edgar E. Flores's Cross-

Motion for Summary Judgment ("MSJ," ECF No. 12); Amended Motion for Summary Judgment Incorporating IRS Relief from Anti Cut-Back Requirements ("Am. MSJ," ECF No. 19); and *Ex Parte* Motion to Dismiss the Complaint Without Prejudice Against Vantage Chief Commercial Officer, Facility Manager, and Committee Members, but Not Against ESOP Trustee ("Pl.'s MTD," ECF No. 25), as well as Plaintiff's Opposition to the Motion to Dismiss ("Pl.'s Opp'n," ECF No. 11); Defendants' Consolidated Reply in Support of their Motion to Dismiss and Opposition to Plaintiff's Motion for Summary Judgment ("Defs.' Opp'n," ECF No. 16); and Plaintiff's Reply in Support of his Motion for Summary Judgment ("Pl.'s Reply," ECF No. 18). The Court took all noticed Motions under submission on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1). (*See* ECF Nos. 10 (Minute Order Setting Briefing Schedule), 13 (Order Amending Briefing Schedule).) Having carefully considered the Parties' arguments; Plaintiff's Complaint for Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing, Civil Penalties, Injunction, False Promise, and Other Equitable Relief ("Compl.," ECF No. 1); those matter properly incorporated by reference into the Complaint; and the relevant law, the Court **GRANTS** both Plaintiff's and Defendants' Motions to Dismiss; **DENIES AS MOOT** Plaintiff's Cross-Motion for Summary Judgment, Plaintiff's Amended Motion for Summary Judgment, and Defendants' *Ex Parte* Application; and **DISMISSES WITH PREJUDICE** Plaintiff's Complaint.

## BACKGROUND[1]

Plaintiff, a former employee of Defendant Vantage Associates, Inc., was a participant in the Vantage Associates, Inc. Employee Stock Ownership Plan ("ESOP").

---

[1] For purposes of Defendants' Motion to Dismiss, the Court accepts as true the facts as alleged in Plaintiff's Complaint. *See Vasquez v. L.A. Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007) (holding that, in ruling on a motion to dismiss, the Court must "accept all material allegations of fact as true"). The Court also **GRANTS** Defendants' Request for Judicial Notice ("RJN," ECF No. 8-1) and **INCORPORATES BY REFERENCE** Defendants' Exhibits 1 and 2, the authenticity of which Plaintiff does not dispute and which form the basis of Plaintiff's claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and false promise. (*See, e.g.*, Compl. ¶¶ 11, 13–19, 22, 25); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002–03 (9th Cir. 2018).

(*See* Compl. ¶¶ 1–3; *see also* ECF No. 1-2 at 4–11 ("Ex. C") §§ II.B–C.)  As is relevant to the instant action, the ESOP plan document provides:

> During a Qualifying Election Period, a Participant may elect to direct the Trustee to diversify twenty five percent (25%) of the value of the Company Stock held in the Participant's Accounts.  This election can be made only during the Participant's Qualifying Election Period.  For this purpose, "<u>Qualifying Election Period</u>" means the Plan Year during which a Participant attains age fifty five (55) and has been a Participant in the Plan for at least ten (10) Years, and the five (5) succeeding Plan Years.
>
> At the end of each Plan Year during the Qualifying Election Period, a Participant can diversify twenty five percent (25%) of the value of his Accounts, reduced by amounts previously diversified.  At the end of the last Plan Year during the Qualifying Election Period, the Participant can diversify fifty percent (50%) of his Accounts, less amounts previously diversified.  The Participant must make this election within ninety (90) days after the end of the applicable Plan Year.  The diversification requirement shall be satisfied by providing the option of transferring the portion of the Account for which diversification is elected into a qualified plan of the Employer that provides for employee directed investment.

(ECF No. 1-2 ("Compl. Ex. A") ¶ 7.8 (emphasis in original).)

Plaintiff separated from Defendant on October 9, 2018, following which he submitted a Diversification Claim for the Plan year ending June 30, 2019.  (*See* Compl. Ex. C § II.C.)  The Committee of Vantage Associates, Inc. ESOP (the "Committee") initially denied Plaintiff's Diversification Claim.  (*See id.*)  Plaintiff appealed, (*see id.* § II.D), and, when the Committee failed timely to respond, (*see id.*), Plaintiff filed a lawsuit against Vantage Associates, Inc.; the Committee, and the ESOP in this Court to enforce his rights pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), *Flores v. Vantage Associates, Inc. et al.*, No. 20-cv-2097-CAB-LL (S.D. Cal. filed Oct. 26, 2020) ("*Flores I*").  (*See* Compl. ¶¶ 12, 20; *see also* Compl. Ex. C § II.F.)

Shortly after, the parties entered into a Confidential Settlement Agreement and Release (the "Agreement").  (*See, e.g.*, Compl. ¶¶ 1, 9–10; *see also generally* Compl. Ex. C.)  Under the terms of the Agreement, Defendants agreed to pay Plaintiff $17,750 and

"that Flores [wa]s entitled to elect diversification of his ESOP shares beginning with the Plan Year ending June 30, 2019 and going forward, pursuant to the terms of the ESOP." (*See* Compl. Ex. C § III.A.) Indeed, Defendants agreed to "complete Flores's Diversification Claim for the plan year ending June 30, 2019[,]" within seven business days of receipt of the executed Agreement. (*See id.* § III.D.) In exchange, Plaintiff agreed to a release of claims, (*see id.* § III.B), and dismissal of *Flores I*. (*See id.* § III.C.) The parties agreed to pay their "own costs, expenses, and attorneys' fees." (*See id.* § III.E.)

The Parties do not dispute that Defendants completed the Diversification Claim for the plan year ending June 30, 2019, as required under the terms of the Agreement; however, Plaintiff contends that Defendants have breached the Agreement by failing to honor further Diversification Claims he submitted for plan years 2020, 2021, 2022, and 2023. (*See* Compl. ¶¶ 11, 13–18; *see also* ECF Nos. 1-2 at 12–13 ("Compl. Ex. D"), 14–15 ("Compl. Ex. E"), 16–17 ("Compl. Ex. F").) By letter dated June 1, 2021, Defendants informed Plaintiff that there was no "[r]emaining stock available for Diversification" and that "[t]he next potential payment will be in your Sixth (Final) Plan year of Diversification Eligibility when the percentage is increased to 50%." (*See* ECF No. 8-3 at 2–12 ("Defs.' Ex. 2") at 2; *see also* Compl. ¶ 15.)

Plaintiff filed the instant action on November 28, 2023, alleging three causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, and false promise. (*See generally* ECF No. 1.) Because Plaintiff alleged only state law claims, the Court ordered him to show cause why this action should not be dismissed for lack of subject-matter jurisdiction. (*See* ECF No. 3.) After receiving Plaintiff's response, (*see* ECF No. 4), the Court discharged its Order to Show Cause on January 1, 2024. (*See generally* ECF No. 7.) Defendants' Motion to Dismiss followed on January 19, 2024, (*see generally* ECF No. 8), and Plaintiff filed the instant Motion for Summary Judgment incorporating the arguments in his concurrently filed Opposition on February 23, 2024. (*See generally* ECF Nos. 11, 12.) Plaintiff filed an Amended Motion for Summary Judgment on March 28, 2024. (*See generally* ECF No. 19.)

In mid-April 2024, defense counsel called the undersigned's chambers, indicating that the Parties were discussing a potential settlement. (*See* ECF No. 22 at 1.) Approximately two months later, the Court ordered the Parties to file a joint status report. (*See generally id.*) In their Joint Status Report, the Parties noted that they "[we]re not in active settlement discussions" and that Plaintiff would be filing a motion to dismiss all Defendants except for Defendant ESOP Trustee. (*See generally* ECF No. 24.)

Plaintiff's Motion to Dismiss followed on July 5, 2024, (*see generally* ECF No. 25), in response to which Defendant ESOP Trustee filed a Request for a Virtual Status Conference and Response to Plaintiff's Motion to Dismiss on July 9, 2024. (*See generally* ECF No. 26.) On July 15, 2024, the Honorable Allison H. Goddard scheduled a formal Settlement Conference for August 7, 2024. (*See generally* ECF No. 31.) Following the initial Settlement Conference on August 7, 2024, (*see generally* ECF No. 34), Magistrate Judge Goddard held a further Settlement Conference with Plaintiff on August 30, 2024. (*See generally* ECF No. 39.) Magistrate Judge Goddard conveyed to the undersigned on September 3, 2024, that no settlement could be reached.

**PLAINTIFF'S MOTION TO DISMISS**

As an initial matter, Plaintiff "agrees to withdraw [his] complaint . . . **WITH PREJUDICE**" as to all Defendants except for the ESOP Trustee, Miguel Paredes. (*See* Pl.'s Mot. at 1–2.) Good cause appearing, the Court **GRANTS** Plaintiff's Motion to Dismiss and **DISMISSES WITH PREJUDICE** Defendants Vantage Associates, Inc.; Vantage Chief Commercial Officer; and Vantage Facility General Manager.

**DEFENDANTS' MOTION TO DISMISS**

I.   **Legal Standard**

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of

a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Id.* at 1242 (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 677–78 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).

"If a complaint is dismissed for failure to state a claim, leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). "A district court does not err in denying leave to amend where the amendment would be futile." *Id.* (citing *Reddy v. Litton Indus.*, 912 F.2d 291, 296 (9th Cir. 1990), *cert. denied*, 502 U.S. 921 (1991)).

**II.  Analysis**

Through the Motion to Dismiss, Defendants seek dismissal with prejudice of Plaintiff's Complaint on two grounds: (1) "Plaintiff is barred from bringing his claims because he already resolved and released them in *Flores I* via the Settlement Agreement[,]" (MTD at 1; *see also id.* at 9–10); and (2) "to the extent Plaintiff brings any claims that aren't already barred by the Settlement Agreement, they are barred under the Settlement Agreement's plain terms." (*Id.* at 2; *see also id.* at 10–12.)  The Court agrees with Defendants that this lawsuit is the result of an unfortunate—if understandable— misinterpretation of the ESOP plan document and Agreement on Plaintiff's part.

The ESOP plan document provides that, "[d]uring a Qualifying Election Period, a Participant may elect to direct the Trustee to diversify twenty five percent (25%) of the value of the Company Stock held in the Participant's Account." (*See* Compl. Ex. A ¶ 7.8.) In other words, over the entirety of the Qualifying Election Period, a participant may direct the diversification of a total of 25% of the company stock held in their account. Specifically, "[a]t the end of each Plan Year during the Qualifying Election Period, a Participant can diversify twenty five percent (25%) of the value of his Accounts, *reduced by amounts previously diversified*." (*See id.* (emphasis added).) As worded, this would allow a participant to diversify 25% during any single plan year during the Qualifying Election Period or any combination *totaling* 25% over five years, such as 5% per year. It would not, as Plaintiff believes, allow a participant to diversify 25% *per year* over the Qualifying Election Period. Further, "[a]t the end of the last Plan Year during the Qualifying Election Period, the Participant can diversify fifty percent (50%) of his Accounts, *less amounts previously diversified*." (*See id.* (emphasis added).) For a participant such as Plaintiff, who elected to diversify 25% earlier in the Qualifying Election Period, this means that participant could diversify an additional 25% at the end of the last plan year during the Qualifying Election Period.

Further, the Agreement did not grant Plaintiff any additional diversification rights because it permitted him "to elect diversification of his ESOP shares beginning with the Plan Year ending June 30, 2019[,] and going forward, *pursuant to the terms of the ESOP*." (*See* Compl. Ex. C § III.A.) As explained above, the Agreement therefore permits Plaintiff to diversify up to 25% of his ESOP shares over the first five plan years of the Qualifying Election Period, and up to 50% of his ESOP shares less any amounts previously diversified during the final plan year of the Qualifying Election Period.

Because Defendants already have diversified 25% of Plaintiff's ESOP shares for the plan year ending in June 30, 2019, Plaintiff is not entitled to diversify any additional shares until the plan year ending June 30, 2025, at which point he may diversify another 25% of his ESOP shares. Because it is clear from the face of Plaintiff's Complaint and the exhibits

incorporated by reference that Defendants have complied with the requirements of the ESOP plan document and Agreement, Plaintiff necessarily fails to state a claim for breach of contract, breach of the implied covenant of good faith and fair dealing, or false promise.

### III.  Conclusion

In light of the foregoing, the Court **GRANTS** Defendants' Motion to Dismiss. Because Plaintiff cannot allege any facts to cure the deficiencies identified above, dismissal **WITH PREJUDICE** is warranted.

### REMAINING MOTIONS

Because the Court determines that dismissal with prejudice of Plaintiff's Complaint is appropriate, *see supra* pages 5–8, the Court **DENIES AS MOOT** Plaintiff's Cross-Motion for Summary Judgment, Plaintiff's Amended Motion for Summary Judgment, and Defendants' *Ex Parte* Application.

### CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's (ECF No. 25) and Defendants' (ECF No. 8) Motions to Dismiss; **DENIES AS MOOT** Plaintiff's Cross-Motion for Summary Judgment (ECF No. 12), Plaintiff's Amended Motion for Summary Judgment (ECF No. 19), and Defendants' *Ex Parte* Application (ECF No. 20); and **DISMISSES WITH PREJUDICE** Plaintiff's Complaint (ECF No. 1).  The Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated:  September 4, 2024

_____
Honorable Todd W. Robinson
United States District Judge